In re application for the sale of lands of CHARLES S. BAYLIS, deceased.

[Submitted July 27th, 1923.   Decided July 30th, 1923.]

1. In the absence of an express charge or anything else to the contrary in the will, legacies are a charge upon residuary real estate as well as personality when both are given together.

2. Evidence *held* to establish the testator's domicile when the will was executed and at the time of his death as in New Jersey, and therefore the New Jersey rule that legacies are a charge in residuary real estate given together with personalty is applicable.

On petition, &c.

*Messrs. McCarter & English* and *Mr. George W. C. McCarter,* for the petitioner.

*Mr. William A. Kirk* and *Mr. Donald B. Vail* (of the New York bar), for the guardian, &c., of Mabel Nearing, an infant defendant.

FOSTER, V. C.

The petitioner, the Title Guarantee and Trust Company of New York, as the executor of and trustee under the last will and testament of decedent, seeks an order under the provisions of chapter 80 of the laws of 1922 (*P. L. 1922 p. 149*), to sell certain real estate of decedent situate in this state and to use and apply the proceeds of such sale to the payment of certain legacies made in the testator's will, and for the payment of which the personal estate is insufficient.

Mr. Baylis died in Egypt in 1903. His will, dated May 7th, 1901, was duly probated in New York, and an examplified copy of it has been filed in the Essex county surrogate's office in this state. The will provides for the payment of a large number of legacies, in money, and it contains a residuary clause by which the residue of the estate, both real and per-

sonal, is given absolutely to three certain persons. One of those predeceased the testator, and as a result of his death the infant defendant, as an heir of Mr. Baylis, claims an interest in an undivided one-third share of the real estate in question on the ground that as to the lapsed devise caused by the death of this residuary devisee, the testator died intestate.

At the time of executing his will testator owned one of the parcels of real estate in question, and over a year later he acquired title to the other parcel. The will contains no express power of sale, nor any specific devise of real estate, nor does it expressly make any of the legacies a charge upon the real estate.

Petitioner concedes that the statute of 1922 relates only to matters of procedure, and that it must affirmatively establish the right to the relief it seeks. This it contends is done by construing the fifth clause of the will relating to the legacies in question, so that the same are made a charge upon the real estate in this state (and which is the only real estate owned by testator), and that by such construction the executor will be given an implied power of sale.

Defendant contends that as testator at the time of his death was a domiciled resident of the State of New York, and that as his will was there probated, it is to be construed by the laws of that state.

Since the decision of the court of errors and appeals in *Corwine* v. *Corwine, 24 N. J. Eq. 579,* it has been the settled rule in this state, in the absence of an express charge or of anything else to the contrary in the will, that a testator generally intends the legacies given by his will to be a charge on his real as well as on his personal estate, only when the residuary real and personal estate are given together, "the rule of construction being that if the legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge on the residuary real as well as on the personal estate."

Contrary to the foregoing rule which prevails not only in our own courts, but also in most of the state courts and in the federal courts, the law of New York is that legacies will

not be charged upon residuary real estate merely from the fact that real and personal estate is blended in the residuary disposition. *40 Cyc. 2026.*

Because of this difference in the rule of construction, the question to be determined on this application is the domicile of testator at the time of his death, in order to determine whether the law of this state or of the State of New York is to control the construction to be placed upon his will.

The proofs on this question show that testator for a number of years was a resident of Brooklyn, in the State of New York, and while living some few years prior to 1898 he married Miss McCarter; after his marriage he sold his residence in Brooklyn and for a winter or two thereafter he and his wife lived at the Buckingham Hotel in New York City. In 1898 he bought for his residence No. 1023 Broad street, in the city of Newark, in this state, and completely furnished it, and during the year 1898 he and his wife took possession of and lived in this residence and he voted from it at subsequent elections, and he continued to reside there until 1901, when he bought from the estate of Thomas N. McCarter, deceased, Mr. McCarter's former summer home at Low Moor, in Monmouth county, in this state, which is one of the properties involved in this application. In 1902 testator sold his Newark home and he and Mrs. Baylis spent the summer of that year at the cottage at Low Moor, and in the fall of that year they sojourned at the Waldorf Hotel in New York, preparatory to the trip which they took to Egypt in January, 1903. Testator repeatedly declared after moving to Newark that he had finally become a Jerseyman, and in his will, executed in 1901, he stated that he was then a resident of the city of Newark, in this state.

This evidence convincingly establishes the domicile of the testator at the date of the execution of his will, and also at the date of his death, to have been in this state and not in the State of New York.

Domicile has been defined as residence coupled with intention to remain for an unlimited time—*Stout* v. *Leonard,* *97 N. J. Law 492,* and in the present case we have the sale

and abandonment of his residence in Brooklyn, the acquisition and occupancy of his residences in Newark and Low Moor, respectively, his repeated declarations about having become a Jerseyman, and the fact that he voted at elections in this state as positive and conclusive proof of an intention on the part of the testator to not only regard New Jersey as his place of residence, but also as his domicile.

Domicile of the testator having thus been established in this state, the above-mentioned rule of construction in force in our courts must be applied to this application, and as the other allegations of the petition are not disputed the order asked for will be advised.